1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESPINOZA, SANTIAGO GOMEZ, | ) Case No.: 1:14-cv-01725 AWI JLT |
| Plaintiff, | ) <br> ) FINDINGS AND RECOMMENDATIONS <br> ) DENYING PLAINTIFF'S MOTION TO PROCEED |
| v. | ) IFP AND DISMISSING PLAINTIFF'S AMENDED <br> ) COMPLAINT AND DISMISSING THE ACTION |
| DEPARTMENT OF VETERANS SERVICES, et al., | ) WITHOUT PREJUDICE <br> ) |
| Defendants. | ) (Docs. 1, 2) <br> ) |

In this action, Santiago Espinoza seems to take issue with the amount of benefits he is receiving related to his service related disability.  (Doc. 1)  Because this Court lacks the jurisdiction to provide the relief Plaintiff seeks, it is recommended Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED** and the complaint be **DISMISSED WITHOUT PREJUDICE**.

I.      **Factual and Procedural History**

Plaintiff alleges that he became fully disabled as a result of his service in the military.  (Doc. 1 at 1)  He asserts that he is paying $550 per month due to an overpayment made by the Veterans Administration.  Id.  Related to this overpayment, Plaintiff went to the Veterans Service office and requested a copy of the overpayment agreement.  Id. at 1-2.  Though he was not provided a copy, on October 29, 2014—eight days ago—he received a letter from Jeanine N. Waits who explained the situation.  Id. at 2, 5.

In the letter, Ms. Waits explains that Plaintiff was obligated to complete an "Employment Questionnaire" every year and that he failed to do so.  (Doc. 1 at 5)  Despite this, the VA continued to pay benefits, which was an error.  <u>Id</u>.  Once the VA learned of this error, it instituted the repayment but it learned also that the reason for Plaintiff's failure to complete the form was that he was incarcerated.  <u>Id</u>.  This meant that Plaintiff was eligible for a reduced benefit during this period and that the VA was in the process of calculating the correct monthly benefit.  <u>Id</u>.

Despite the mere passage of a week from the date of the letter, when Plaintiff failed to receive further communication from the VA, Plaintiff filed his current lawsuit in which he seems to take the position that the VA is no longer entitled to repayment of the overpayment.  (Doc. 1 at 2)  Seemingly, he also seeks damages because he claims he has suffered mental anguish as a result of the week's delay.  <u>Id</u>.

**II.     Request to proceed in forma pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis ("IFP") is granted by the Court.  See <u>Rodriguez v. Cook</u>, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process."  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing <u>Weller v. Dickson</u>, 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to proceed IFP.  <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 616 (9th Cir. 1990); <u>Weller</u>, 314 F.2d at 600-01.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities."  <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).  Here, the Court recommends Plaintiff's application to proceed in forma pauperis be **DENIED**

1  because, as discussed below, Plaintiff's complaint fails to state a meritorious claim upon which relief

2  may be granted.  See 28 U.S.C.§ 1915(e)(2).

3  **III.   Screening**

4   When an individual seeks to proceed in forma pauperis, the Court is required to review the

5  complaint and identify "cognizable claims."  See 28 U.S.C § 1915(a)-(b).  The Court must dismiss a

6  complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which

7  relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."

8  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the

9  level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

10  available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

11  **IV.   Jurisdiction over Plaintiff's Claims**

12   Plaintiff's claim to benefits arises under the laws administered by the Department of Veterans

13  Affairs.  38 U.S.C. § 301, *et seq.*  "The Veterans' Judicial Review Act of 1988 provides the exclusive

14  means for appealing benefit decisions made by the Department of Veterans Affairs."  *Jenkins v. Dep't*

15  *of Veteran's Affairs*, 2009 U.S. Dist. LEXIS 51875, at *2 (E.D. Cal. June 19, 2009).  Consistently,

16  federal courts have held that "a federal district court may not entertain constitutional or statutory

17  claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction."

18  *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000) (citing *Beamon v. Brown*, 125 F.3d 965,

19  972-74 (6th Cir. 1997)); *Weaver v. United States*, 98 F.3d 519, 520 (10th Cir. 1996); *Hicks v. Small*,

20  69 F.3d 967, 970 (9th Cir. 1995).

21   Plaintiff has received benefits from the VA.  Generally, where a veteran is dissatisfied with the

22  resolution of a claim, he can appeal the decision to the Board of Veterans' Appeals.  38 U.S.C. §

23  7104(a).  A claimant may appeal an adverse decision of the Board of Veterans' Appeals to the United

24  States Court of Appeals for Veterans Claims.  38 U.S.C. §§ 7252, 7261.  As one district court

25  explained,

26   The Court of Appeals "shall have exclusive jurisdiction to review decisions of the
  Board of Veterans' Appeals," and it has authority to "affirm, modify, or reverse a

27   decision of the Board or to remand the matter, as appropriate."  38 U.S.C. §7252(a).

28   The Court of Appeals' decision is in turn, subject to appellate review as provided under

3

1  38 U.S.C. § 7292, 38 U.S.C. § 7252(c). Section 7292 grants to the United States Court
2  of Appeals for the Federal Circuit the "exclusive jurisdiction to review decisions of the
   Court of Appeals." 38 U.S.C. § 7292(c). The Federal Circuit is vested with the "power
3  to affirm or…to modify or reverse the decision of the Court of Appeals for Veterans
   Claims or to remand the matter, as appropriate." 38 U.S.C. §7292(e)(1).

4  Sullivan v. Dep't of Veterans Affairs, 2010 U.S. Dist. LEXIS 50773, at *4-6 (Mont. Apr. 5, 2010).

5  Ultimately, the procedure set forth by Congress for review of veterans' benefits determinations does

6  not include district courts. Jenkins, 2009 U.S. Dist. LEXIS 51875, at *3.

7          In his complaint, Plaintiff does not allege he followed this procedure regarding his

8  dissatisfaction with the determination to retroactively pay his benefits without awarding the interest

9  which would have accrued over that term. Indeed, he sets forth no causes of action but even a

10 constitutional attack will not bear fruit. White v. United States, 2008 U.S. Dist. LEXIS 48684, at *5

11 (E.D. Cal. June 23, 2008) ("[A]n attempt to challenge the allocation of benefits under the guise of a

12 constitutional attack is not permitted") citing Tietjen v. United States Veterans Admin., 884 F.2d 514,

13 515 (9th Cir. 1989). Consequently, the Court lacks subject matter jurisdiction over the action.

14 **IV.    Findings and Recommendations**

15         The deficiencies of the complaint cannot be cured by an amendment. Thus, Plaintiff should

16 not be granted leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000). Because

17 the Court lacks subject matter jurisdiction, the action should be dismissed without prejudice. Kelly v.

18 Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir. 2004).

19         Accordingly, **IT IS HEREBY RECOMMENDED**:

20         1.      Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and

21         2.      Because the order dismissing the Complaint concludes this case, the Clerk of the Court

22                 be directed to close this matter.

23         These Findings and Recommendations are submitted to the United States District Judge

24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

25 Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

26 days after being served with these findings and recommendations, Plaintiff may file written objections

27 with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

28

                                                4

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **November 6, 2014**            **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE